

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00031-CR

———————————————————

DAVID RIOS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1672755D

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant David Rios was charged with two counts of sexual assault and pleaded guilty to a lesser-included offense (attempted sexual assault) in exchange for a waiver of his indictment's second count and seven years' deferred adjudication community supervision. *See* Tex. Penal Code Ann. §§ 15.01, 22.011. Not quite a year later, the State sought to proceed to adjudication, listing seven alleged violations of the terms of Rios's community supervision. Rios pleaded "not true" to the State's allegations, and the trial court found true all but ground 7(a) and sentenced him to seven years' confinement.

Rios's appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), representing that Rios "has no nonfrivolous grounds upon which to appeal" and that "there is no merit to the appeal in this cause." In compliance with *Kelly v. State*, counsel provided Rios with copies of the brief and motion to withdraw and informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Rios was given the opportunity to file a pro se response to the

*Anders* brief but filed nothing. The State did not file a brief but noted in a letter that it agreed with Rios's appointed counsel that there were no meritorious grounds for appeal. Both Rios's appointed counsel and the State agree that the judgment should be modified to reflect that Rios pleaded "not true."

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. Except for minor corrections to the judgment, we agree with counsel that the appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The trial court's judgment states that Rios pleaded "true," but the record reflects that he pleaded "not true." We correct the judgment to reflect that Rios pleaded "not true." *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.). Further, although the trial court's judgment states that the trial court found allegations 1–6 and 7(a) true, the record reflects that the trial court found allegations 1–6, 7(b), and 7(c)—but not 7(a)—true. Accordingly, we likewise correct

3

this portion of the judgment. *See id.* We grant counsel's motion to withdraw and affirm the trial court's judgment as corrected.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 30, 2023